# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

STATE OF FLORIDA, etc.,

    Plaintiff,

v.                                                                    CASE NO.  4:05cv124-RH/WCS

KIA MOTORS AMERICA, INC.,

    Defendant.

_____/

## ORDER ON IDENTITY OF PARTIES

This is an action under chapter 320 of the Florida Statutes.  Although ostensibly brought in the name of the state "for the use and benefit of" the real party in interest, the state is in no sense an actual plaintiff.

The only plaintiff on whose behalf the original complaint was brought was Johnson's Imports, Inc. d/b/a Johnson's Kia of Leesburg.  Now, however, a motion for preliminary injunction has been filed by Johnson's Select Motorcars, LLC d/b/a Johnson's Kia (of Crystal River).  The motion includes a case style different from the actual case style (the case style set forth on the original complaint); the revised case style lists as a party on whose behalf the action is brought not only Johnson's

Imports, Inc. d/b/a Johnson's Kia of Leesburg (as listed in the original case style), but also Johnson's Select Motorcars, LLC d/b/a Johnson's Kia (the entity that now has moved for a preliminary injunction).

The motion for preliminary injunction, and its revised case style, apparently assume that Johnson's Select Motor Cars, LLC, is now a real party to the action. But that is not so. A new party cannot join a lawsuit unilaterally without filing a pleading. Instead, when a new party wishes to join an action as a plaintiff, it must either intervene or be named as an additional plaintiff in an amended complaint.

At this stage, any such joinder will require either leave of court or defendant's consent to the filing of an amended complaint. Either of those may be sought without delaying the preliminary injunction briefing schedule that has been entered at the parties' request. Johnson's Select Motor Cars, LLC, should take notice, however, that it is not likely to obtain a preliminary injunction without taking appropriate steps to join the litigation. And in any event, the case style as set forth on the original complaint will remain the case style unless and until

amended by court order.[1]

SO ORDERED this 5th day of May, 2005.

                                                                s/Robert L. Hinkle
                                                                Chief United States District Judge

---

[1] Case styles are matters of administrative convenience. It often is administratively more convenient to retain a consistent case style than to adopt a new one. Whether the case style changes makes no substantive difference; who the actual parties are is determined by the relevant pleadings and orders, not by the case style.

*Case No: 4:05cv124-RH/WCS*