# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

STATE OF FLORIDA, etc.,

    Plaintiff,

v.                                       CASE NO. 4:05cv124-RH/WCS

KIA MOTORS AMERICA, INC.,

    Defendant.

_____/

## ORDER SETTING DEADLINE FOR
## FILING OF AMENDED COMPLAINT

This is an action under chapter 320 of the Florida Statutes challenging the defendant automobile manufacturer's proposed withholding of payments from two automobile dealers. The action was filed in state court by a document labeled a "petition for injunctive relief." The only real party on whose behalf the action was brought was Johnson's Imports, Inc. d/b/a Johnson's Kia of Leesburg (hereafter "Johnson's Leesburg"). After removal to this court, Johnson's Leesburg filed a motion for a preliminary injunction, and the parties agreed to a briefing schedule on that motion. Later, an additional motion for preliminary injunction was filed by Johnson's Select Motorcars, LLC d/b/a Johnson's Kia (hereafter "Johnson's

Crystal River"). The new motion included a case style different from the actual case style (the case style set forth on the original petition as filed in state court and removed to this court); the revised case style listed as a party on whose behalf the action was brought not only Johnson's Leesburg but also Johnson's Crystal River.

The new motion for preliminary injunction, and its revised case style, apparently assumed that Johnson's Crystal River had become, by virtue of that motion, a real party to the action. But that was not so. A new party cannot join a lawsuit unilaterally without filing a pleading. Instead, when a new party wishes to join an action as a plaintiff, it must either intervene or be named as an additional plaintiff in an amended complaint.

By order entered May 6, 2005, I noted this discrepancy, and added:

> At this stage, any such joinder [of Johnson's Crystal River] will require either leave of court or defendant's consent to the filing of an amended complaint.

Order of May 6, 2005 (document 16) at 2. The "leave of court" to which the order referred was leave to intervene or leave to file an amended complaint. The order also noted that preliminary injunction proceedings would go forward on the briefing schedule to which the parties had agreed without delay for the filing of an amended complaint or motion for leave to intervene.

Apparently in response to the May 6 order, Johnson's Leesburg and

*Case No: 4:05cv124-RH/WCS*

Johnson's Crystal River (collectively "plaintiffs") filed, in the name of the state for their use and benefit, a document entitled "Amended Petition and Motion for Preliminary Injunction." (Document 19.)  The filing is, in form, a motion for preliminary injunction, not an amended complaint.  Plaintiffs apparently assume that a federal lawsuit can go forward on a motion for preliminary injunction, without the need for an actual complaint.  But that is not so.  Whatever might be the case in a state court action under chapter 320—and it is at least subject to question that such an action can go forward even in state court on a motion without a complaint—this action in this court will be governed by the Federal Rules of Civil Procedure.  *See, e.g., Hanna v. Plumer*, 380 U.S. 460, 472-73, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965) (holding that even in diversity cases, federal rules, not contrary state procedures, govern matters to which they apply).  Under the Federal Rules, a plaintiff must file a complaint, not merely a motion for a preliminary injunction.  *See* Fed. R. Civ. P. 8.

To be sure, this is in some respects more a matter of form and semantics than of substance.  What plaintiffs apparently seek is an injunction precluding the defendant manufacturer from withholding payments unless authorized through the state administrative process (that is, after an administrative hearing conducted in

the Florida Division of Administrative Hearings in accordance with Florida law).[1]

Plaintiffs label this a preliminary injunction, but a preliminary injunction of course remains in effect only until entry of a final judgment in the same action.  What plaintiffs actually seek apparently is not only a preliminary injunction but also a permanent injunction with the same terms—that is, an injunction that would end this litigation in this court and would preclude defendant from withholding the amounts at issue unless authorized through the state administrative process. Plaintiffs apparently do not seek an adjudication by this court of the underlying substantive dispute over whether they do or do not owe the defendant manufacturer the amounts it seeks to withhold.[2]  If, as plaintiffs apparently assert, the only substantive issue in this court will be whether the withholding should be enjoined unless authorized through the state administrative process, then the motion for preliminary injunction may include most or all of the allegations that would be included in a properly framed amended complaint.[3]

---

[1] Whether defendant is actually a manufacturer or distributor may be unclear but for present purposes does not matter.  The original petition labeled defendant a manufacturer.  For convenience, in this order I accept that characterization.

[2] Whether defendant will seek a determination of that substantive issue by this court may be unclear.

[3] More importantly, if this is the only substantive issue in this court, then this may be a case in which the merits (that is, the issue of whether such an injunction should be entered) should be consolidated with proceedings on the motion for preliminary injunction (on which the issue will be whether such an injunction

Nonetheless, an amended complaint will serve a purpose, both by making clear whether this is indeed the full scope of plaintiffs' claims in this action, and by requiring defendant to file an answer—that is, to respond to each allegation of the amended complaint and to plead any affirmative defenses. The most recent motion for preliminary injunction could perhaps be deemed an amended complaint, but framing an answer to a pleading in this format would be difficult, both because it lacks discrete and numbered paragraphs and, more significantly, because it is not the "short and plain" statement of plaintiff's claims to which defendant is entitled.

Accordingly,

IT IS ORDERED:

1.  Briefing on the pending motions for preliminary injunction shall go forward in accordance with the parties' stipulated schedule, under which defendant's memorandum in opposition is due by June 10, 2005, and any reply memorandum in support of the motions is due by June 20, 2005. The clerk shall set a hearing on the motions for the first available date on or after June 27, 2005. The parties shall be prepared to address at the hearing the issue of whether the merits should be consolidated with the preliminary injunction proceeding.

---

should be entered pending a final determination of this action in this court).  *See* Fed. R. Civ. P. 65(a)(2) (authorizing consolidation of merits and preliminary injunction proceedings).  The parties should be prepared to address the issue of consolidation at the preliminary injunction hearing.

*Case No: 4:05cv124-RH/WCS*

2. An amended complaint in form consistent with Federal Rule of Civil Procedure 8 shall be filed by June 20, 2005, on behalf of any party that seeks relief in this action.

SO ORDERED this 10th day of June, 2005.

s/Robert L. Hinkle  
Chief United States District Judge